**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**DEQUAN HUNTER, JR.**

______________________________/

**SEALED INDICTMENT**

4:26cr49-MW

**THE GRAND JURY CHARGES:**

**COUNT ONE**

On or about April 2, 2026, in the Northern District of Florida, the defendant,

**DEQUAN HUNTER, JR.,**

did knowingly and intentionally distribute a controlled substance, and this offense involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and cocaine.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(C).

Enhanceable Prior Convictions

On or about August 2, 2019, **DEQUAN HUNTER, JR.,** was convicted in the Northern District of Florida of a serious drug felony, Possession of Cocaine with Intent to Distribute, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), and Title 21, United States Code, Section 802(58), for which he served a term of imprisonment of more than twelve months and was

FILED USDC FLND TL
JUL 7 '26 PM12:46

released from service of that term within fifteen years of the commencement of the offense charged in this count.

On or about March 20, 2015, **DEQUAN HUNTER, JR.,** was convicted in the State of Florida of a serious drug felony, that is, Possession of Cocaine with Intent to Sell or Deliver, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(ii), and Title 21, United States Code, Section 802(58), for which he served a term of imprisonment of more than twelve months and for which he was released from service of a term of imprisonment within fifteen years of the commencement of the offense charged in this count.

**COUNT TWO**

On or about April 8, 2026, in the Northern District of Florida, the defendant,

**DEQUAN HUNTER, JR.,**

did knowingly and intentionally distribute a controlled substance, and this offense involved 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and cocaine.

In violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 841(b)(1)(C).

<u>Enhanceable Prior Convictions</u>

On or about August 2, 2019, **DEQUAN HUNTER, JR.,** was convicted in the Northern District of Florida of a serious drug felony, Possession of Cocaine

with Intent to Distribute, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(i), and Title 21, United States Code, Section 802(58), for which he served a term of imprisonment of more than twelve months and was released from service of that term within fifteen years of the commencement of the offense charged in this count.

On or about March 20, 2015, **DEQUAN HUNTER, JR.,** was convicted in the State of Florida of a serious drug felony, that is, Possession of Cocaine with Intent to Sell or Deliver, an offense described in Title 18, United States Code, Section 924(e)(2)(A)(ii), and Title 21, United States Code, Section 802(58), for which he served a term of imprisonment of more than twelve months and for which he was released from service of a term of imprisonment within fifteen years of the commencement of the offense charged in this count.

**CRIMINAL FORFEITURE**

The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for purposes of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

From his engagement in the violations alleged in Counts One and Two, punishable by imprisonment for more than one year, the defendant,

**DEQUAN HUNTER, JR.,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections

853(a)(1) and 853(a)(2), all of his interest in:

A. Property constituting or derived from any proceeds the defendant obtained directly or indirectly as the result of such violations.

B. Property used in any manner or part to commit or to facilitate the commission of such violations.

If any of the property subject to forfeiture as a result of any act or omission of the defendant:

i. cannot be located upon the exercise of due diligence;

ii. has been transferred or sold to, or deposited with, a third person;

iii. has been placed beyond the jurisdiction of this Court;

iv. has been substantially diminished in value; or

v. has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL:

[redacted]

FOREPERSON

7/7/2026

DATE

JOHN P. HEEKIN
United States Attorney

ERIC K. MOUNTIN
Assistant United States Attorney